United States District Court
Southern District of Texas
**ENTERED**
June 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ANTONIO NAVARRO VALDEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00962** |
| | § | |
| **WARDEN, WEBB COUNTY** | § | |
| **DETENTION CENTER, *ET AL.*,** | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 7). Petitioner challenges his continued detention in federal immigration custody. After considering the petition, its attachments, and applicable law, the Court concludes that Respondents' motion to dismiss should be granted and the petition dismissed.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002). Additionally, pro se litigants' pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

According to the petition, Petitioner is a citizen of Mexico. (Dkt. No. 1-1 at 1).[1] He

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page

entered the United States with a tourist visa around April 18, 2019. (*Id.*). He remained in the United States and, while present, married a U.S. citizen and was employed. (Dkt. No. 1-2 at 18, 28). According to Respondents' evidence, Petitioner's visa permitted his presence until October 17, 2019. (Dkt. No. 7-2 at 1). Petitioner overstayed his visa. (*Id.*). He was transferred into Immigration and Customs Enforcement (ICE) custody on March 23, 2026, after an arrest by the Grand Prairie Police Department. (Dkt. No. 7-2 at 7).

On April 7, 2026, Petitioner received a bond hearing and was denied bond by an Immigration Judge (IJ). (Dkt. No. 7-2 at 9). The IJ found that Petitioner was a "danger to the community and flight risk." (*Id.*). On April 16, 2026, Petitioner requested voluntary departure from the United States. (Dkt. No. 1-2 at 12). Despite his request, he was ordered removed on April 22, 2026. (*Id.* at 2). As of June 5, 2026, Petitioner appealed that decision to the Board of Immigration Appeals (BIA). *Automated Case Information*, Exec. Off. Immigr. Rev., https://acis.eoir.justice.gov/en/caseinformation (last visited June 11, 2026). As such, his removal order is not final, and he is subject to detention under Section 1226(a).

On May 22, 2026, Petitioner filed the instant petition for a writ of habeas corpus, asserting several grounds for the basis of his petition. First, Petitioner asserts that his continued detention violates due process because he was denied voluntary departure and ordered removed. (Dkt. No 1 at 6). Second, he argues that continued detention violates due process because he is detained despite his family, community ties, employment history, and stable residence. (*Id.*). Third, he argues that there was ineffective assistance of legal counsel during the immigration proceedings. (*Id.* at 7). He requests release under conditions of supervision so that he can pursue other immigration benefits. (*Id.* at 6).

The Court begins with the controlling statutory authority for Petitioner's detention, 8 U.S.C. § 1226. Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United

---

numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

States." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General may release an alien detained under § 1226(a) on bond or conditional parole." *Jennings*, 583 U.S. at 288 (citation modified). Accordingly, those detained under Section 1226(a) receive bond hearings in Immigration Court so that an IJ can determine whether the noncitizen is danger to the community or a flight risk. *See* 8 C.F.R. § 1236.1(d)(1); 8 C.F.R. § 1003.19.

Crucially, this statute deprives the Court of jurisdiction to review discretionary decisions by an IJ. 8 U.S.C. § 1226(e). This provision states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *Id*. Respondents argue that this provision deprives the Court of jurisdiction to hear Petitioner's claims.

The Court agrees with Respondents that the Court cannot review Petitioner's claims that his detention under Section 1226(a) violates his rights because it is the result of the IJ's discretionary decision to deny bond. Furthermore, Petitioner has not shown that his bond hearing was constitutionally inadequate, nor has he presented a claim that cannot be considered by the BIA on appeal. His claims regarding voluntary departure and ineffective assistance of counsel are proper before the BIA and not this Court because they concern his removability and, if proven, constitute issues that may be considered by the BIA. 8 U.S.C. § 1252(a)(2)(B) (stripping the Court of jurisdiction to review denials of discretionary relief); *Kohwarien v. Holder*, 635 F.3d 174, 176 n.1 (5th Cir. 2011) ("Voluntary departure is a discretionary form of relief that allows certain aliens to leave the country willingly."); *Linares-Rivas v. Bondi*, 139 F.4th 454, 458 (5th Cir. 2025) (requiring exhaustion of ineffective-assistance-of-counsel claims with the BIA). For these reasons, Respondents' motion to dismiss for lack of jurisdiction is granted.

For the reasons stated above, Respondents Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. No. 7), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), is **DENIED.**

The Clerk of Court is **DIRECTED** to mail this Order to Petitioner via regular mail and any receipted means to his address on file with the Court: Webb County Detention

Center, 9998 S. Highway 83, Laredo, TX 78046.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on June 15, 2026.

John A. Kazen
United States District Judge